# Fourth Court of Appeals
## San Antonio, Texas


## MEMORANDUM OPINION

No. 04-17-00839-CV

Marilyn **STEWART**,
Appellant

v.

**FIESTA CITY REALTORS**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2017-CV-05536
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:   October 3, 2018

VACATED

Appellant Marilyn Stewart ("Stewart") appeals the trial court's judgment in a forcible detainer action granting Appellee Fiesta City Realtors ("Fiesta City") possession of a residential property located in San Antonio, Texas. Because this appeal is moot, we vacate the judgment.

### Background

Stewart and Fiesta City entered into a residential lease agreement whereby Stewart agreed to lease a residential property owned by Fiesta City from November 2016 through November 2017. In August 2017, Fiesta City initiated this forcible detainer suit, alleging Stewart violated the lease

agreement by allowing two dogs to live at the property. The justice court entered judgment awarding restitution of the premises to Fiesta City.

Stewart appealed the judgment to the trial court. Following trial, the trial court entered judgment awarding immediate possession of the property to Fiesta City. The trial court subsequently entered a judgment nunc pro tunc to correct a typographical error in the original judgment. A writ of possession issued and, according to Stewart, sheriff's deputies evicted her from the property on December 20, 2017. Stewart appeals.

**Discussion**

As an initial matter, we must determine whether this appeal is moot. A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment of possession in a forcible detainer action is a determination of the right to immediate possession. *Id.* When a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile. *Id.* Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to *current, actual possession*" of the property. *Id.* (emphasis added). When a tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.*

In this case, Stewart did not post a supersedeas bond and was removed from the property on December 20, 2017. Although Stewart timely and clearly expressed her intent to appeal by filing a notice of appeal (erroneously titled "Writ of mandamus") in the trial court, any appellate relief regarding the right to current possession is futile. The lease agreement would have expired in November 2017, and Stewart does not identify any other basis for claiming a right to current,

actual possession of the property. Therefore, this appeal is moot, and we must vacate the trial court's judgment. *See id.* at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded."); *accord Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, no pet. h.) (mem. op.) ("[B]ecause the issue of possession is moot, we must vacate the trial court's judgment of possession.").

## Conclusion

Because this appeal is moot, the trial court's judgment is vacated.

Sandee Bryan Marion, Chief Justice